TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00420-CR

NO. 03-08-00421-CR






Reynard Speaks, Appellant


v.


The State of Texas, Appellee






FROM COUNTY COURT AT LAW NO. 2 OF BELL COUNTY

NOS. 2C04-10092 & 2C04-10093, HONORABLE GERALD M. BROWN, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 A jury convicted appellant Reynard Speaks for driving with a suspended license,
see Tex. Transp. Code Ann. §§ 521.457, 601.371 (West Supp. 2008), and for evading arrest,
see Tex. Penal Code Ann. § 38.04 (West 2003). He was sentenced to a total of 120 days in jail
and assessed a $200 fine. In a single issue, Speaks appeals the trial court's refusal to grant a mistrial
following testimony about the details of Speaks's outstanding arrest warrants. We affirm the
judgment of conviction.

 On November 12, 2004, Speaks was operating a motor vehicle in Killeen. 
Officer Debreah Chism attempted to stop Speaks for failure to yield the right of way. Speaks refused
to stop. He eventually turned into an apartment parking lot, made an abrupt stop, got out of
the vehicle, and ran away. Although Speaks was successful in evading pursuit at the time, police
were able to determine his identity after searching his abandoned vehicle. Police also determined
that, at the time of the incident, Speaks's driver's license was suspended and that he had a prior
conviction for driving with a suspended license. Speaks was later arrested and charged with driving
with a suspended license and evading arrest. Following a jury trial, he was convicted as charged
and sentenced by the trial court to a total of 120 days in jail and assessed a $200 fine.

 In a single issue, Speaks argues that the trial court erred when it refused to grant a
mistrial following testimony about the details of Speaks's outstanding arrest warrants. According
to Speaks, when Officer Chism testified as to the details of these warrants, including "the specific
nature of the alleged allegations," the presumption of innocence to which Speaks was entitled
was undermined.

 Speaks complains of the following testimony:


 Prosecutor: Okay. [Were] there any warrants out?


 Officer: A Harker Heights warrant--traffic warrant and a Coryell County
possession--



At this point, defense counsel objected to the testimony as irrelevant and prejudicial, while the State
argued that the testimony was relevant to show Speaks's state of mind, including a motive for
evading arrest. See Tex. R. Evid. 404(b); Gosch v. State, 829 S.W.2d 775, 783 (Tex. Crim. App.
1991). The trial court allowed the testimony for the limited purpose of showing state of mind and
denied defense counsel's request for a mistrial. On appeal, Speaks concedes that, to show motive
for flight, the State could have elicited testimony that "[a]ppellant had two outstanding warrants
of arrest," but contends that testimony revealing "the specific nature of the alleged conduct . . .
prejudice[d] Appellant's presumption of innocence." See id.

 We review a trial court's refusal to grant a mistrial for an abuse of discretion, and
mistrial is required "[o]nly in extreme circumstances, where the prejudice is incurable." Hawkins
v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). "A mistrial is the trial court's remedy for
improper conduct that is 'so prejudicial that expenditure of further time and expense would
be wasteful and futile.'" Id. (quoting Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). 
In our review, we consider three factors: "(1) severity of the misconduct (the magnitude of the
prejudicial effect of the prosecutor's remarks), (2) measures adopted to cure the misconduct (the
efficacy of any cautionary instruction by the judge), and (3) the certainty of conviction absent the
misconduct (the strength of the evidence supporting the conviction)." Mosley v. State, 983 S.W.2d
249, 259 (Tex. Crim. App. 1998).

 Applying the Mosley factors here, we conclude that the trial court's refusal to grant
a mistrial was a proper exercise of its discretion. Although Officer Chism inadvertently testified as
to the nature of the outstanding warrants, she only generally described each offense--one as a
"traffic warrant" and the other as a "possession." Thereafter, the court instructed the jury that the
testimony was to be considered "only for the purpose of determining whether or not that was a
reason why the person that was stopped would have run," and the State never relied on or
emphasized the objected-to testimony. In addition, the evidence at trial--including Officer Chism's
description of the evening's events, her description of Speaks, documents found in the vehicle
identifying Speaks, and records showing that Speaks's license was suspended at the time of the
incident--was sufficient to support the conviction absent the objected-to testimony. Given the
general nature of the testimony, the fact that the testimony was not emphasized, the court's limiting
instruction, and the certainty of conviction absent the testimony, we overrule Speaks's point of error. 
See id.

 Having overruled Speaks's point of error, we affirm the judgment of conviction.



 __________________________________________

 G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: July 23, 2009

Do Not Publish